UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE ALLEN MARCHANT,<br><br>    Plaintiff,<br><br>vs.<br><br>JEAN MARIE MUNGER,<br><br>    Defendant. | Case No. 1:20-cv-00191-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Bruce Allen Marchant was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff's Complaint will be dismissed without prejudice for lack of jurisdiction.

REVIEW OF COMPLAINTS

1. Factual Allegations

Plaintiff alleges that his sister, Jean Marie Munger, of Phoenix, Arizona, has been the executor of their father's estate during the time period 2004 to 2020. However, she has never given Plaintiff any of his father's money. He seeks an award of $50,000 in damages, with interest, against Ms. Munger.

2. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Federal courts are courts of limited subject matter jurisdiction. This Court cannot

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

hear Plaintiff's case unless he satisfies the Court that a basis for jurisdiction exists. Federal district courts can hear federal questions, which are claims arising under a federal statute, the federal Constitution, or a federal treaty. 28 U.S.C. § 1331. The Court can also hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00.

In addition, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

In addition to jurisdiction, venue must also be proper. Legal actions may be brought only in "(1) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (2) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. S 1391(b).

### 3. Discussion

Plaintiff's claim is subject to dismissal for several reasons. First, the Court sees no basis for a finding that subject matter jurisdiction over Plaintiff's complaint exists. It does not raise a federal question, because it is a matter between private individuals who are not acting on behalf of a government entity. Neither do the allegations fit the diversity jurisdiction requirement because the amount in controversy is less than $75,000.

Second, no facts support personal jurisdiction. Plaintiff has made no assertions that his sister, who resides in Arizona, has any connection with the state of Idaho that would render her amenable to service under the *International Shoe* standard. Therefore, a federal court in Idaho cannot exercise jurisdiction over her, which, in practical terms, means that this Court is without authority to provide an enforceable remedy for Plaintiff.

Third, venue also appears improper. Even if his father died in Idaho, Plaintiff's claims are centered on Ms. Munger's actions in wrongfully distributing Plaintiff's father's estate. All that we know is that Ms. Munger now lives in Arizona. Plaintiff has not provided facts showing that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in Idaho. There appears to be no basis for venue in Idaho. Because there appears to be no subject matter jurisdiction in federal court, transferring the case to a different federal district court would be pointless.

### 4. Conclusion

Amendment appears futile. Plaintiff complains of a private matter between private

individuals, which are classic disputes for the state courts to adjudicate. He may desire to file suit against his sister in an Arizona state court, or he may request to reopen his father's probate case, if one was filed. Because probate, breach of duties attendant to estate executors, and disputes over personal property are matters within state court jurisdiction, the Court will not provide an opportunity amend, but will dismiss this case with prejudice. Plaintiff may file his suit in the proper state court.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction and personal jurisdiction.

DATED: June 30, 2020

David C. Nye
Chief U.S. District Court Judge